**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **WHETSTONE ELECTRONICS, LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| **XEROX CORPORATION; CANON U.S.A., INC.; CANON BUSINESS SOLUTIONS, INC.; EAST TEXAS COPY SYSTEMS, INC.; KONICA MINOLTA HOLDINGS U.S.A., INC.; KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.; RICOH AMERICAS CORPORATION; RICOH ELECTRONICS, INC.; COMPLETE BUSINESS SYSTEMS, INC.; TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.; STAR GRAPHICS, INC.; BROTHER INTERNATIONAL CORPORATION; SHARP ELECTRONICS CORPORATION; LANIER WORLDWIDE, INC.; OKI DATA AMERICAS, INC.; PANASONIC CORPORATION OF NORTH AMERICA; SAMSUNG ELECTRONICS AMERICA, INC.; and SAVIN CORPORATION.** | **CIVIL ACTION NO.  6:10-cv-00278**<br><br>**JURY TRIAL DEMANDED** |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT

Whetstone Electronics, LLC ("Whetstone"), by and through its attorneys, for its First

Amended Complaint against Defendants Xerox Corporation, Canon U.S.A., Inc., Canon

Business Solutions, Inc., East Texas Copy Systems, Inc., Konica Minolta Holdings U.S.A., Inc.,

Konica Minolta Business Solutions U.S.A., Inc., Ricoh Americas Corporation, Ricoh

Electronics, Inc., Complete Business Systems, Inc., Toshiba America Business Solutions, Inc.,

Star Graphics, Inc., Brother International Corporation, Sharp Electronics Corporation, Lanier

Worldwide, Inc., Oki Data Americas, Inc., Panasonic Corporation of North America, Samsung

Electronics America, Inc., and Savin Corporation (collectively the "Defendants"), and demanding trial by jury, hereby alleges as follows:

## I.      NATURE OF ACTION

1.    Plaintiff Whetstone is the owner by assignment of all substantial rights in and to:  (1) United States Patent No. 6,337,746 entitled "Interface Card for Coupling a Computer to an External Device" ("the '746 Patent"), a copy of which is attached as **Exhibit 1**; and (2) United States Patent No. 6,618,157 entitled "Interface Card for Coupling a Computer to an External Device" ("the '157 Patent"), a copy of which is attached as **Exhibit 2** (collectively, the "Patents").

2.    Each of the Defendants manufactures, provides, sells, offers for sale, imports and/or distributes infringing products and/or methods for printing a graphic image on a substrate; and or induces other to use its infringing products and/or methods in an infringing manner; and/or contributes to the use of infringing products and/or methods by others.

3.    Each of the Defendants has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the Patents by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Whetstone.

4.    Whetstone seeks damages and prejudgment interest for Defendants' past infringement of the Patents. Whetstone further seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's valuable patent rights.

## II.      PARTIES

5.    Plaintiff Whetstone Electronics, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 104 East Houston Street, Suite 160, Marshall, TX 75670.

6.    On information and belief, Defendant Xerox Corporation (hereinafter "Xerox") is a New York corporation with its principal place of business at 45 Glover Avenue, Norwalk, CT 06856.  Xerox is registered to do business as a foreign corporation in Texas.  Defendant Xerox's attorney, Cono A. Carrano (ccarrano@akingump.com), has agreed to accept service on behalf of Xerox.

7.    On information and belief, Defendant Canon U.S.A., Inc. (hereinafter "Canon USA") is a New York corporation with its principal place of business at One Canon Plaza, Lake Success, NY  11042.  Canon USA is registered to do business as a foreign corporation in Texas and maintains offices at 3200 Regent Boulevard, Irving, TX 75063.  Defendant Canon USA attorney, Eric M. Albritton (ema@emafirm.com), has agreed to accept service on behalf of Canon USA.

8.    On information and belief, Defendant Canon Business Solutions, Inc. (hereinafter "CBS") is a New York corporation with its headquarters at Four Ohio Drive, Lake Success, NY 11042.  CBS is registered to do business as a foreign corporation in Texas and maintains offices at 14241 Dallas Pkwy, Ste 100, Dallas, TX  75254 and 12515 Research Boulevard, Bldg. 7, Suite 110, Austin, TX  78759.  Defendant CBS's attorney, Eric M. Albritton (ema@emafirm.com), has agreed to accept service on behalf of CBS.

9.    On information and belief, Defendant East Texas Copy Systems, Inc. (hereinafter "East Texas Copy") is a Texas corporation with its principal place of business at 4545 Old Jacksonville Hwy, Tyler, TX  75703.  Defendant East Texas Copy's attorney, Eric M. Albritton (ema@emafirm.com), has agreed to accept service on behalf of East Texas Copy.

10. On information and belief, Defendant Konica Minolta Holdings U.S.A., Inc., (hereinafter "Konica USA") is a corporation organized and existing under the laws of the State

of New Jersey with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446. Defendant Konica USA's attorney, Jennifer Parker Ainsworth (jainsworth@wilsonlawfirm.com), has agreed to accept service on behalf of Konica USA.

11.  On information and belief, Defendant Konica Minolta Business Solutions U.S.A., Inc. (hereinafter "KMBS USA") is a New York corporation with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446.  KMBS USA is registered to do business as a foreign corporation in Texas and maintains a place of business at 1121 Judson Rd., Suite 171, Longview, TX 75601.  Defendant KMBS USA's attorney, Jennifer Parker Ainsworth (jainsworth@wilsonlawfirm.com), has agreed to accept service on behalf of KMBS USA.

12.  On information and belief, Defendant Ricoh Americas Corporation (hereinafter "Ricoh Americas") is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Caldwell, NJ  07006.  Ricoh Americas is registered to do business as a foreign corporation in Texas.   Defendant Ricoh Americas' attorney, Michael E. Jones (mikejones@potterminton.com), has agreed to accept service on behalf of Ricoh Americas.

13.  On information and belief, Defendant Ricoh Electronics, Inc. (hereinafter "Ricoh Electronics") is a corporation organized under the laws of California, with its principal place of business at One Ricoh Square 1100 Valencia Avenue Tustin, CA 92780.  Defendant Ricoh Electronics' attorney, Michael E. Jones (mikejones@potterminton.com), has agreed to accept service on behalf of Ricoh Electronics.

14.  On information and belief, Defendant Complete Business Systems, Inc. (hereinafter "Complete Business Systems") is a corporation organized under the laws of Texas with its principal place of business at 102 N. Spur 63, Longview, Texas 75601.  Defendant Complete

Business Systems' attorney, Michael E. Jones (mikejones@potterminton.com), has agreed to accept service on behalf of Complete Business Systems.

15. On information and belief, Defendant Toshiba America Business Solutions, Inc. (hereinafter "TABS") is a California corporation with its principal place of business at 2 Musick, Irvine, CA   92618.   TABS is registered to do business as a foreign corporation in Texas. Defendant TABS' attorney, Paul T. Meiklejohn (meiklejohn.paul@dorsey.com ), has agreed to accept service on behalf of TABS.

16. On information and belief, Defendant Star Graphics, Inc. (hereinafter "Star Graphics") is a corporation organized under the laws of Texas with its principal place of business at 102 N. Spur 63, Longview, Texas 75601.   Defendant Star Graphics's attorney, Barrett Lindsay (Blindsay@lindsaylawtx.com), has agreed to accept service on behalf of Star Graphics.

17. On information and belief, Defendant Brother International Corporation (hereinafter "Brother") is a corporation organized under the laws of Delaware with its principal place of business at 100 Somerset Corporate Blvd., Bridgewater, NJ 08807-0911.   Brother is registered to do business as a foreign corporation in Texas.   Defendant Brother's attorney, S. Calvin Capshaw (ccapshaw@capshawlaw.com ), has agreed to accept service on behalf of Brother.

18. On information and belief, Defendant Sharp Electronics Corporation (hereinafter "Sharp") is a corporation organized under the laws of New York with its principal place of business at Sharp Plaza, Mahwah, New Jersey 07495-1163.   Sharp is registered to do business as a foreign corporation in Texas.   Defendant Sharp's attorney, Nathaniel St. Clair, II (nstclair@jonesday.com), has agreed to accept service on behalf of Sharp.

19. On information and belief, Defendant Lanier Worldwide, Inc. (hereinafter "Lanier") is a corporation organized under the laws of Delaware with its principal place of business at 2300

Parklake Drive, Atlanta, GA 30345.  Lanier has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for process.

20. On information and belief, Defendant Oki Data Americas, Inc. (hereinafter "Oki Data") is a corporation organized under the laws of Delaware with its principal place of business at 2000 Bishops Gate Blvd., Mt. Laurel, NJ 08054-4620.  Oki Data has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for process.

21. On information and belief, Defendant Panasonic Corporation Of North America (hereinafter "Panasonic") is a corporation organized under the laws of Delaware with its principal place of business at 1 Panasonic Way, Secaucus, NJ  07094.  Panasonic is registered to do business as a foreign corporation in Texas and has appointed C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234, as its agent for process.

22. On information and belief, Defendant Samsung Electronics America, Inc. (hereinafter "Samsung") is a corporation organized under the laws of New York with its principal place of business at 105 Challenger Rd., Ridgefield Park, NJ 07660.  Samsung is registered to do business as a foreign corporation in Texas and has appointed C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234, as its agent for process.

23. On information and belief, Defendant Savin Corporation (hereinafter "Savin") is a corporation organized under the laws of Delaware with its principal place of business at 5 Dedrick Place, West Caldwell, NJ  07006.  Savin has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for process.

### III.    JURISDICTION AND VENUE

24.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25.  Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

26.  On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction.  Each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, pursuant to due process and/or the Texas Long Arm Statute; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Whetstone's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

27.  More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas.   Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## IV.   CLAIMS

COUNT I
INFRINGEMENT OF U.S. PATENT NO. 6,337,746

28.  Upon information and belief, Defendant Xerox has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Xerox is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Xerox is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

29.  Upon information and belief, Defendant Canon USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Canon USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Canon USA is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

30. Upon information and belief, Defendant CBS has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant CBS is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant CBS is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

31.   Upon information and belief, Defendant East Texas Copy has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant East Texas Copy is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant East Texas Copy is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

32.   Upon information and belief, Defendant Konica USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Konica USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital

copiers.  To the extent such products are not sourced by a licensee, Defendant Konica USA is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

33.  Upon information and belief, Defendant KMBS USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant KMBS USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant KMBS USA is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

34.  Upon information and belief, Defendant Ricoh Americas has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Ricoh Americas is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Ricoh Americas is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

35.  Upon information and belief, Defendant Ricoh Electronics has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere

in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Ricoh Electronics is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Ricoh Electronics is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

36.  Upon information and belief, Defendant Complete Business Systems has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff. Upon information and belief, Defendant Complete Business Systems is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Complete Business Systems is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

37. Upon information and belief, Defendant TABS has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant TABS is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital

copiers.  To the extent such products are not sourced by a licensee, Defendant TABS is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

38.  Upon information and belief, Defendant Star Graphics has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Star Graphics is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Star Graphics is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

39. Upon information and belief, Defendant Brother has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Brother is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Brother is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

40. Upon information and belief, Defendant Sharp has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Sharp is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Sharp is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

41.  Upon information and belief, Defendant Lanier has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Lanier is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Lanier is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

42. Upon information and belief, Defendant Oki Data has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Oki Data is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital

copiers.  To the extent such products are not sourced by a licensee, Defendant Oki Data is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

43.  Upon information and belief, Defendant Panasonic has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Panasonic is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Panasonic is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

44.  Upon information and belief, Defendant Samsung has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Samsung is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Samsung is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45.  Upon information and belief, Defendant Savin has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '746 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Savin is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Savin is liable for infringement of the '746 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46.  As a result of these Defendants' infringement of the '746 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

COUNT II
INFRINGEMENT OF U.S. PATENT NO. 6,618,157

47.  Upon information and belief, Defendant Xerox has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Xerox is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Xerox is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48.  Upon information and belief, Defendant Canon USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof,

[15]

for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Canon USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Canon USA is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49.  Upon information and belief, Defendant CBS has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant CBS is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant CBS is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.  Upon information and belief, Defendant East Texas Copy has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant East Texas Copy is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant East Texas Copy is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.  Upon information and belief, Defendant Konica USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Konica USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Konica USA is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.  Upon information and belief, Defendant KMBS USA has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant KMBS USA is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant KMBS USA is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.  Upon information and belief, Defendant Ricoh Americas has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information

and belief, Defendant Ricoh Americas is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Ricoh Americas is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.  Upon information and belief, Defendant Ricoh Electronics has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Ricoh Electronics is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Ricoh Electronics is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.  Upon information and belief, Defendant Complete Business Systems has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff. Upon information and belief, Defendant Complete Business Systems is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Complete Business Systems is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56. Upon information and belief, Defendant TABS has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant TABS is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant TABS is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57. Upon information and belief, Defendant Star Graphics has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Star Graphics is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Star Graphics is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58. Upon information and belief, Defendant Brother has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and

belief, Defendant Brother is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Brother is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59.  Upon information and belief, Defendant Sharp has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Sharp is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Sharp is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

60.  Upon information and belief, Defendant Lanier has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Lanier is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Lanier is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61. Upon information and belief, Defendant Oki Data has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Oki Data is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Oki Data is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62. Upon information and belief, Defendant Panasonic has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Panasonic is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Panasonic is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63. Upon information and belief, Defendant Samsung has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and

belief, Defendant Samsung is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Samsung is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

64. Upon information and belief, Defendant Savin has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '157 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, selling and offering to sell a product and/or a method thereof, for printing a graphic image on a substrate, to the injury of Plaintiff.  Upon information and belief, Defendant Savin is making, using, selling and offering to sell, multiple products including, but not limited to inkjet printers, laser printers, multifunction devices and/or digital copiers.  To the extent such products are not sourced by a licensee, Defendant Savin is liable for infringement of the '157 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65. As a result of these Defendants' infringement of the '157 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

EXCEPTIONAL CASE

66. Defendants have acted in reckless disregard of Whetstone's valid and subsisting patent rights.

67. This is an exceptional case, and Whetstone seeks an award of enhanced damages, attorneys' fees, costs and expenses.

**V.     DEMAND FOR JURY TRIAL**

68. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.   A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the Patents;

2.   A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents;

3.   A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the Patents as provided under 35 U.S.C. § 284;

4.   An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this First Amended Complaint, as provided under 35 U.S.C. § 284;

5.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.   Any and all other relief to which Plaintiff may show itself to be entitled.


Respectfully Submitted,


Dated:  November 9, 2010                    /s/ Andrew W. Spangler
                                            Andrew W. Spangler
                                            State Bar No. 24041960
                                            **Spangler Law P.C.**
                                            208 N. Green Street, Suite 300
                                            Longview, Texas 75601
                                            Telephone: (903) 753-9300
                                            Facsimile: (903) 553-0403

Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Facsimile:  (512) 539-2627
adinovo@dpelaw.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of November, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Andrew W. Spangler
Andrew W. Spangler