# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **WHETSTONE ELECTRONICS, LLC,** § | | |
| § | | |
| **Plaintiff,** § | Civil Action No. 6:10-cv-00278-JDL | |
| § | | |
| v. § | | |
| § | | |
| **XEROX CORPORATION,** *et al.*, § | Jury Trial Demanded | |
| § | | |
| **Defendants.** § | | |

## PLAINTIFF'S REPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT WITH RESPECT TO THE CLAIM TERMS "COMPUTER," "INTERFACE CARD," AND "PRINTING DEVICE"

**Table of Contents**

I. INTRODUCTION ........................................................................................................... 1

II. RESPONSE TO STATEMENT OF MATERIAL FACTS ....................................... 2

III. Legal Standard .............................................................................................................. 4

   A. Summary Judgment ................................................................................................. 4

   B. Infringement ............................................................................................................. 4

IV. ARGUMENT .................................................................................................................. 5

   A. Literal Infringement ................................................................................................ 5

      1. Defendants' Motion is Based on their Construction Requiring a Stand-Alone, General Purpose Computer ............................................................................................................ 5

      2. Defendants' Motion is Based on their Construction Requiring the Location of Interface Card on the Printing Device .................................................................................... 7

      3. Defendants' Motion is Based on their Construction Requiring Serial and Parallel Ports 8

   B. Doctrine of Equivalents ........................................................................................... 8

V. CONCLUSION .............................................................................................................. 9

## **Table of Authorities**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986) ............................................................. 4

*Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 528 (Fed. Cir. 1996) ................................................. 4

*KangaROOS USA, Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1573 (Fed. Cir. 1985) ............................. 4

*Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1358 (Fed. Cir. 2010) ....... 4

*Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006) ........................... 6

*Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009) ................................... 6

*Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986). ......................... 6

*Solvay S.A. v. Honeywell Int'l, Inc.*, 622 F.3d 1367, 1373 (Fed. Cir. 2010) ................................... 4

*Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1581-82 (Fed. Cir. 1996) ........................... 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WHETSTONE ELECTRONICS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:10-cv-00278-JDL |
| | § | |
| v. | § | |
| | § | |
| XEROX CORPORATION, *et al.*, | § | Jury Trial Demanded |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT WITH RESPECT TO THE
CLAIM TERMS "COMPUTER," "INTERFACE CARD," AND "PRINTING DEVICE"**

Pursuant to the Court's Amended Claim Construction Briefing Schedule dated May 19, 2011 (Doc. #195) and the Court's Order April 7, 2011 (Doc. #156), Plaintiff Whetstone Electronics LLC ("Whetstone" or "Plaintiff") files its Response to Defendants' Motion for Summary Judgment, and is support thereof, states as follows:

### I.   INTRODUCTION

Defendants' Motion for Summary Judgment of Non-Infringement With Respect to the Claim Terms "Computer," "Interface Card," and "Printing Device" ("Defendants' Motion") is wholly predicated on the Court adopting Defendants' proposed constructions in the early Markman proceeding. If the Court does not adopt Defendants' Markman proposed constructions, Defendants' motion for summary judgment based on non-infringement for the Accused Products should be denied on both procedural grounds and substantive grounds.

Procedurally, if Defendants' proposed constructions are not adopted, Defendants' Motion is moot. According to Defendants' Motion, summary judgment is not proper unless their

proposed constructions are accepted by the Court. *See* Defendants' Motion, p. 1 ("If the Court adopts, in whole or in part, Defendants' […] construction of disputed claim terms …"). Thus, Defendants have not moved for summary judgment if Plaintiff's proposed constructions are adopted by the Court.

Substantively, if Plaintiff's constructions are adopted, summary judgment is not proper based on the infringement evidence provided by Plaintiff and Defendants of record before the Court. *See* Exhibits A-1 – A-24.

## II.   RESPONSE TO STATEMENT OF MATERIAL FACTS

Pursuant to LR CV-56(a)(2), Plaintiff sets forth below the material facts relied upon for the purposes of this motion:

*Defendants' Statement #1*:   All claims of the '746 patent require an "interface card" connected to the data bus of the claimed "computer."   *Plaintiff's Response*:  Undisputed.

*Defendants' Statement #2*:   All claims of the '157 patent require an "interface card" attached to the motherboard of the claimed "computer."   *Plaintiff's Response*: Disputed. All claims of the '157 patent require an "interface card" connected to the motherboard of the claimed "computer."  Defendants have improperly narrowed the scope of the '157 patent by inserting the "attached to" limitation in lieu of "connected."  Plaintiff's response to this is more fully set out in its Responsive Markman Brief, which is incorporated herein.

*Defendants' Statement #3*:  Plaintiff has accused of infringement MFPs manufactured and/or sold by the Defendants that provide printing, scanning, copying and/or faxing functions. *Plaintiff's Response*:  Undisputed.

*Defendants' Statement #4*:   Plaintiff has identified claims 1-6 of the '746 patent as allegedly infringed by the Accused Products.  *Plaintiff's Response*:  Undisputed (though specific

asserted claims relative to the Accused Products are set forth relative to each Defendant in Plaintiff's P.R. 3-1 Disclosures).

*Defendants' Statement #5*:   Plaintiff has identified claims 1-6 of the '157 patent as allegedly infringed by the Accused Products.  *Plaintiff's Response*:   Undisputed (subject to qualification set forth in connection with Defendants' Statement #4).

*Defendants' Statement #6*:   The Accused Products do not include a "computer" as that term is properly construed.  *Plaintiff's Response*: Disputed.  The Accused Products incorporate a "computer," as that term is properly construed, to function as designed.  All of the Accused Products require a connected computer to perform some or all of the claimed functions.

*Defendants' Statement #7*:   The Accused Products do not perform general purpose computer functions, such as document or spreadsheet drafting.  *Plaintiff's Response*: Disputed.  A "computer" must be connected to the Accused Products, and such a computer is fully capable of performing general purpose computer functions, such as document or spreadsheet drafting.

*Defendants' Statement #8*:   The Accused Products do not include, or have a capability of operating commercially available graphics software.  *Plaintiff's Response*: Disputed.  The "computer" used with the Accused Products includes and/or has the capability of operating, commercially available graphics software.

*Defendants' Statement #9*:   Plaintiff's infringement theory, as set forth in its Preliminary Infringement Contentions, requires that an "interface card" be found within each Accused Product.  *Plaintiff's Response*:   Undisputed, insofar as "Accused Product" encompasses a computer working in tandem with a printing apparatus.

*Defendants' Statement #10*:   The Accused Products do not communicate data with an external computer by using a serial port and a parallel port at the same time.  *Plaintiff's*

*Response*: Unknown, although many representative accused products can be configured to use both serial and parallel ports.[1] Plaintiff accuses the mode of operation in which Accused Products communicate data with an external computer by using a serial port.

### III.   Legal Standard

A.   <u>Summary Judgment</u>

Summary judgment is appropriate only if there are no genuine issues of material fact, and "no reasonable jury could return a verdict for the nonmoving party." *Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1358 (Fed. Cir. 2010); *Solvay S.A. v. Honeywell Int'l, Inc.*, 622 F.3d 1367, 1373 (Fed. Cir. 2010). The court "must view the evidence in the light most favorable to the party against whom the summary judgment is directed, and reasonable inferences of fact must be drawn in favor of the non-movant." *KangaROOS USA, Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1573 (Fed. Cir. 1985). A fact is material if it will "affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A genuine issue of material fact exists if the evidence is "such that a reasonable jury could return a verdict for the non-moving party." *Id*. In addition, in deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. A district court should approach a motion for summary judgment on the fact issue of infringement with great care. *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 528 (Fed. Cir. 1996).

B.   <u>Infringement</u>

"A literal patent infringement analysis involves two steps: the proper construction of the

---

[1] *See* Exhibit A-5 (p. 5) (Konica Minolta Bizhub C350); A-6 (p. 17) (Lanier LC238C); A-7 (p. 6) (Lanier LP126cn); A-8 (p. 10) (Lanier LP226cn); A-12 (p. 8) (Oki Data C7350); A-14 (p. 3) (Ricoh Aficio 3245); A-19 (p. 7) (Savin CLP17); A-20 (p. 6) (Savin CLP1036); A-21 (p. 6) (Toshiba E-Studio 3511).

asserted claim and a determination as to whether the accused method or product infringes the asserted claim as properly construed." *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1581-82 (Fed. Cir. 1996).

### IV.   ARGUMENT

Defendants' move for summary judgment of non-infringement based on three independent grounds: (1) there can be no infringement of the patents-in-suit because the "computer" must be a stand-alone, general purpose computer capable of operating commercially available graphics software; (2) the "computer," which must be external to the printing device, must contain the "interface card"; and (3) the Accused Products do not contain both a serial port and a parallel port used at the same time to communicate data between the external computer and the Accused Products. *See* Defendants' Motion, p. 6-7. All of these grounds are predicated on the adoption of Defendants' proposed claim constructions by this Court. Defendants' constructions are improper, and accordingly summary judgment is improper.

A.   <u>Literal Infringement</u>

    *1.   Defendants' Motion is Based on their Construction Requiring a Stand-Alone, General Purpose Computer*

Defendants' contend that a "computer" must be a stand-alone general purpose computer capable of operating commercially available graphics software. Defendants' construction is flawed. However, even if Defendants' construction was adopted by this Court, summary judgment would not be proper on this basis. As set forth in Plaintiff's Preliminary Infringement Contentions, the Accused Products are driven by a computer, specifically one that is a stand-alone, general purpose computer capable of operating commercial available graphics software.[2]

---

[2] *See* Exhibits A-1(p. 3-5); A-2 (p. 2-5); A-3 (p. 2-6); A-4 (p. 3-4); A-5 (p. 2-5); A-6(p. 5-11); A-7(p. 5-7); A-8 (p. 5-7); A-9 (p. 4-7); A-10 (p. 5-7); A-11(p. 4-6); A-12 (p. 5-6); A-13 (p. 3-6); A-14 (p. 3-7); A-15 (p. 3-4); A-16 (p. 3-

5

Defendants claim that the Accused Products are not computers. That noninfringement position can be summarily rejected; Plaintiff has provided substantial evidence of direct infringement by Defendants' customers with respect to the Accused Products.[3] Defendants do not deny that in essentially every case, their printers are intended to be and are attached to computers. The Accused Products do not operate as intended unless they are connected to a computer or computer network (with the computer having minimum requirements specified by Defendants),[4] the computer is configured with a "printer driver" specified by and provided by Defendants, and the printer driver is installed on the computer for the express purpose of interfacing with the Accused Products.[5]

An intent to induce infringement may be inferred when a party has taken "active steps" to induce infringement, such as here where the Defendants are advertising or requiring an infringing use. *See Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009). In *Lucent Technologies*, the Federal Circuit upheld a jury verdict of infringement based solely on circumstantial evidence consisting only of sales of the accused products, dissemination of documentation to customers regarding use of the products in an infringing manner, and expert opinion testimony that "it was hard to imagine" that customers were not using the product in an infringing manner was sufficient to permit a reasonable jury to have concluded that "more likely than not one person somewhere in the United States had performed the claimed method using the

---

5); A-17 (p. 2-4); A-18 (p. 3-5); A-19 (p. 6-10); A-20 (p. 4-8); A-21(p. 2-4); A-22 (p. 3-4); A-23 (p. 7-9); A-24 (p. 4-5).

[3] The Federal Circuit has repeatedly held that "there is no requirement that direct evidence be introduced" to support infringement claims. *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006). Instead, it is "hornbook law" that infringement may be established on the basis of circumstantial evidence alone. *See Moleculon Research Corp. v. CBS, Inc*., 793 F.2d 1261, 1272 (Fed. Cir. 1986).

[4] Evidence of the Accused Products' requirements for configuring with a computer is set forth in Plaintiff's Preliminary Infringement Contentions for the '746 patent. *See supra* note 2.

[5] Evidence of the Accused Products' requirements for a printer driver installed on a computer is set forth in Plaintiff's Preliminary Infringement Contentions for the '746 patent. *See infra* note 7.

[accused] products" during the relevant time period. *See Lucent*, 580 F.3d at 1318-20. Accordingly, based on requirements, instructions and software provided by Defendants, Defendants' customers use the infringing technology in accordance with Defendants' instructions.[6] Indeed, it is hard to imagine that Defendants' Accused Products are not configured to work with computers—that is simply how the multi-function printing devices are designed to be used.[7] Summary judgment should be denied.

      2.    *Defendants' Motion is Based on their Construction Requiring the Location of Interface Card on the Printing Device*

Defendants' contend that summary judgment is proper because "none of the Accused Products contain the claimed 'interface card.'" Defendants' Motion, p. 7-8. This argument is predicated on Defendants' claim construction for the term "interface card"—specifically that the interface card must be attached to the computer. Summary judgment is inappropriate if the Court adopts Plaintiff's construction that the interface card can be located on the printing device. Plaintiff has provided evidence of the interface card and its location, which is consistent with the requirement of the patents-in-suit and Plaintiff's construction for the term "interface card."[8] Summary judgment should be denied.

---

[6] To the extent that Defendants are moving for summary judgment based on Plaintiff's failure to provide evidence of induced infringement, such a motion is not ripe for summary judgment at this stage and should be denied. *See* FED. R. CIV. P. 56(d).

[7] *See* Exhibits A-1(p. 3, 13); A-2 (p. 3,14); A-3 (p. 3-4); A-4 (p. 3, 11); A-5 (p. 2-5); A-6(p. 6-10); A-7(p. 6-7); A-8 (p. 7); A-9 (p. 5-7); A-10 (p. 6-8); A-11(p. 5-6); A-12 (p. 5-8); A-13 (p. 6, 15); A-14 (p. 3-7); A-15 (p. 3-5); A-16 (p. 3-5); A-17 (p. 3-4); A-18 (p. 4-5); A-19 (p. 9-11); A-20 (p. 7-8); A-21(p. 3-5); A-22 (p. 6); A-23 (p. 8-9); A-24 (p. 4-5).

[8] *See* Exhibits A-1(p. 6-10); A-2 (p. 6-11); A-3 (p. 8-11); A-4 (p. 5-9); A-5 (p. 6-8); A-6(p. 15-19); A-7(p. 8-14); A-8 (p. 8-16); A-9 (p. 10-13); A-10 (p. 8-12); A-11(p. 8-10); A-12 (p. 10-15); A-13 (p. 7-13); A-14 (p. 9-13); A-15 (p. 5-8); A-16 (p. 6-8); A-17 (p. 6-8); A-18 (p. 6-7); A-19 (p. 14-21); A-20 (p. 11-14); A-21(p. 5-7); A-22 (p. 6-7); A-23 (p. 10-16); A-24 (p. 6-9).

7

*3.     Defendants' Motion is Based on their Construction Requiring Serial and Parallel Ports*

Finally, Defendants move for summary judgment on the basis that "irrespective of the location of the claimed 'interface card,' any connections between a computer and the Accused Products do not communicate data through a serial port and a parallel port, both of which are working together at the same time to do so." Defendants' Motion, p. 8. Again, this argument is predicated on Defendants' claim construction for the term "interface card." Summary judgment should be denied if the Court adopts Plaintiff's construction of "interface card." There simply is no requirement in the claims to support Defendants' argument that the "interface card communicate data between a computer and an external printer by a serial port and a parallel port at the same time." Plaintiff has provided evidence of the use of a serial port by the Accused Products, as required by the claims, in its Preliminary Infringement Contentions.[9] Furthermore, many representative accused products can be configured to use both serial and parallel ports.[10] Summary judgment should be denied.

B.     Doctrine of Equivalents

Defendants likewise move for summary judgment on the doctrine of equivalents. *See* Defendants' Motion, p. 10-11. At least with respect to the foregoing elements, Plaintiff's infringement theory is based on literal infringement, not the doctrine of equivalents. The three elements at issue before the Court are literally present in the Accused Products, as configured by Defendants and their customers.

---

[9] *See* Exhibits A-1(p. 6-10); A-2 (p. 6-11); A-3 (p. 8-11); A-4 (p. 5-9); A-5 (p. 6-8); A-6(p. 15-19); A-7(p. 8-14); A-8 (p. 8-16); A-9 (p. 10-13); A-10 (p. 8-12); A-11(p. 8-10); A-12 (p. 10-15); A-13 (p. 7-13); A-14 (p. 9-13); A-15 (p. 5-8); A-16 (p. 6-8); A-17 (p. 6-8); A-18 (p. 6-7); A-19 (p. 14-21); A-20 (p. 11-14); A-21(p. 5-7); A-22 (p. 6-7); A-23 (p. 10-16); A-24 (p. 6-9).
[10] *See* Exhibit A-5 (p. 5) (Konica Minolta Bizhub C350); A-6 (p. 17) (Lanier LC238C); A-7 (p. 6) (Lanier LP126cn); A-8 (p. 10) (Lanier LP226cn); A-12 (p. 8) (Oki Data C7350); A-14 (p. 3) (Ricoh Aficio 3245); A-19 (p. 7) (Savin CLP17); A-20 (p. 6) (Savin CLP1036); A-21 (p. 6) (Toshiba E-Studio 3511).

## V. CONCLUSION

Plaintiff has demonstrated genuine issues of material fact exist relating to infringement and, therefore, summary judgment as a matter of law with respect to the asserted claims of the patents-in-suit is improper.

Dated: <u>June 22, 2011</u>    Respectfully submitted,

> By: <u>/s/Andrew W. Spangler</u>
> Andrew W. Spangler
> Texas State Bar No. 24041960
> **Spangler Law P.C.**
> 208 N. Green St., Ste. 300
> Longview, Texas 75601
> Telephone: (903) 753-9300
> Facsimile: (903) 553-0403
>
> Andrew G. DiNovo
> Texas State Bar No. 00790594
> Victor G. Hardy
> Texas State Bar No. 00790821
> Adam G. Price
> Texas State Bar No. 24027750
> **DiNovo Price Ellwanger & Hardy LLP**
> 7000 N. MoPac Expressway, Suite 350
> Austin, Texas  78731
> Telephone:  (512) 539-2626
> Telecopier:  (512) 539-2627

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> <u>/s/Andrew W. Spangler</u>
> Andrew W. Spangler