IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WHETSTONE ELECTRONICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:10-cv-00278-LED |
| | § | |
| XEROX CORPORATION, *et al.* | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**<u>STIPULATED PROTECTIVE ORDER</u>**

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially sensitive information.  In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below.  In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

**<u>Scope and Definitions</u>**

1.      This Protective Order applies to all information, documents, testimony and/or things discovered in this action which contain non-public, confidential information and/or trade secrets, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively, "Protected Material").

2.      "Producing Party" shall refer to any person that discloses, testifies regarding, produces or makes available for inspection any Protected Material.  A Producing Party may be a

party to this action or a non-party, and may disclose Protected Material either voluntarily or involuntarily.

3.     "Receiving Party" shall refer to any party to this action which receives Protected Material under this Order, and to any other entity or person authorized to receive Protected Material under Paragraph 7 or 8 below;

4.     A Producing Party may designate Protected Material as:

a.     "CONFIDENTIAL" if it contains information not readily available to the public and which the Producing Party would not reveal to others except in confidence; or

b.     "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if it

i.     contains or describes non-public technical, financial, or other trade secrets or commercially sensitive information, including without limitation pricing, customer lists, business or marketing plans, license agreements, and computer source code; or

ii.     is subject to an express obligation of confidentiality owed by the Producing Party to a third party which prevents its disclosure.

**Permitted Disclosure and Use of Protected Material**

5.     Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

6.     Protected Material shall be used solely for this litigation, and shall not be used for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent licensing, or any business or competitive purpose or function of any kind. Nothing in this Order shall limit any Producing Party's use of its own documents and information.

**Persons Who May Access Protected Material**

7.      A Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to the following:

a.      Persons authorized to receive "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material as specified in Paragraph 8 below;

b.      Up to two (2) party representatives of the Receiving Party who are responsible for this action and who have read and signed the "Agreement to Be Bound By Protective Order," attached hereto as Exhibit A.  Said signed Agreement(s) shall be retained by the signing party's outside counsel, with a copy given to the Producing Party's outside counsel.

c.      Outside experts and consultants of the Receiving Party, and their support staff and clerical employees assisting in the litigation, subject to Paragraph 11; and

d.      Any witness at deposition or trial of this action.  Persons authorized to view Protected Material only under this subparagraph shall view the Protected Material only during their testimony, and shall not retain copies of Protected Material following their testimony.

8.      A Receiving Party may disclose materials designated  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material only to the following:

a.      The Court, its technical advisor (if one is appointed), court personnel, mediators, the jury, court reporters and/or videographers who record testimony or other proceedings in this action.

b.      Outside counsel for the Receiving Party, including paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation, subject to Paragraphs 10, 13-14.  To qualify as outside counsel under

this Order, an attorney or firm must enter an appearance in this action and must not be an officer, director, or managing agent of a party.

c. Persons who appear on the face of the Protected Material as an author, addressee or recipient, or as the original source of the information contained therein. Persons authorized to view Protected Material only under this subparagraph shall not retain copies of the Protected Material.

d. Outside experts and consultants of the Receiving Party, and their support staff and clerical employees assisting in the litigation, subject to Paragraphs 11-14;

e. Professional litigation support vendors, including but not limited to copy, graphics, translation, database and/or trial support and/or trial consulting services, provided that any such professional litigation support vendor who has been retained to provide services to the Receiving Party shall read and sign the "Agreement to Be Bound By Protective Order," attached hereto as Exhibit A. Said signed Agreement(s) shall be retained by the Receiving Party's outside counsel, with a copy given to the Producing Party's outside counsel;

f. Mock jurors hired by trial consultants, subject to Paragraph 15; and

g. While testifying at deposition or trial in this action only:

 i. any current or former officer, director or employee of the Producing Party or the original source of the information;

 ii. any person designated by the Producing Party to provide testimony under Rule 30(b)(6) of the Federal Rules of Civil Procedure;

iii.     any person who authored, previously received or was directly involved in

any matter addressed in the Protected Material, as evident from its face or

reasonably certain in view of other evidence; and

iv.     any outside expert or consultant designated by the Producing Party.

Persons authorized to view Protected Material only under this subparagraph shall view the

Protected Material only during their testimony, and shall not retain copies of Protected Material

following their testimony.

**Production of Source Code Material**

9.     To the extent a Producing Party believes that certain Protected Material is so

sensitive that its dissemination deserves even further limitation, including, for example,

documents that contain highly confidential business information or financial data, the producing

Party may designate such material "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

ONLY," or to the extent such Protected Material includes computer source code, hardware

schematics, and/or live data (that is, data as it exists residing in a database or databases) ("Source

Code Material"),[1] the Producing Party may  designate such Protected Material as "HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY."

10.     For material designated HIGHLY CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL, the following additional restrictions apply:

---

[1]     Source Code Material includes, but is not limited to, files containing human-readable
software programming languages, such as "C", "C+", "C++", BREW, Java ME, J2ME,
assembler, and digital signal processor (DSP) programming languages; files containing hardware
description language ("HDL") code, such as VHDL or Verilog code, including Register Transfer
Level ("RTL") descriptions of hardware components; and schematic drawings and symbolic
representations that describe or depict digital or analog electrical or electronic circuits within
integrated circuit chips, including transistor-level depictions and IC mask layouts.

a.      Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  No copying of the Source Code Material is permitted under any circumstances other than the limited printout set forth below.  The stand-alone computer(s) provided for the inspection of source code may only be located at the offices of the Producing Party's outside counsel in Texas (if applicable) or another mutually agreed upon location.  The stand alone computer shall be provided by the Producing Party and shall be equipped to print copies of the source code on paper to be provided by the Producing Party, which may include watermarked pre-Bates numbered paper. Under no circumstances are original printouts of the source code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party.   Additionally, the Receiving Party shall not print any continuous block of source code that results in more than 10 printed pages, except the Receiving Party may request the printing of a continuous block of more than 10 pages, which request shall not be unreasonably denied by the producing party.  Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within two (2) business days of being notified that such original printouts have been made.  Counsel for the Receiving Party may request up to 3 copies of each original printout of source code. No more than 10% or 200 pages of the total source code (not including copies of original printouts), whichever is lesser, for any software release (or in the case of hardware source code, for any hardware

product) may be in printed form at any one time, and all printed source code shall be logged by the Receiving Party as noted in subparagraph h below. If necessary, the Receiving Party may request to print additional pages in excess of the 10% of the total source code or 100 pages (whichever is lesser) of total source code for a software release, which request the producing party shall not unreasonably deny. The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the room with the stand alone computer. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the stand alone computer.  If any individual inspecting the Producing Party's source code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room.

b.   The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the

receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.  If the need arises, the Receiving Party may request for installation of certain tools to facilitate its review of the Source Code Material, which request the Producing Party shall not unreasonably deny.  Any cost associated with the installation of the tools shall be borne by the Receiving Party.

e.     Access to material designated HIGHLY CONFIDENTIAL - SOURCE CODE - OUTSIDE COUNSEL ONLY shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such materials pursuant to Paragraph 8(d) above.  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document (the "Source Code Documents"), provided that the Source Code Documents are

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

appropriately marked as HIGHLY CONFIDENTIAL – SOURCE CODE - OUTSIDE COUNSEL ONLY under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE - OUTSIDE COUNSEL ONLY;

g.      No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party;

h.      The Receiving Party shall not make any photocopies of Source Code Material unless required by the Court.  A Receiving Party may make further copies of original source code printouts in the form required to be included in pleadings Source Code Documents. In the event copies of source code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter other than to mark as an exhibit, and the further copies of the original source code printouts made for the deposition or trial shall be either destroyed or provided to counsel for the Producing Party at the conclusion of the deposition or trial. Additionally, the Receiving Party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the source code is provided and when it was provided to that person, and within thirty days after the issuance

of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party.

i.     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

j.     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under subparagraph (e) above to another person authorized under subparagraph (e) above, on paper  via hand carry or by Federal Express.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

**Access to Protected Material By Outside Counsel,  Outside Experts and Consultants, and Mock Jurors**

11.     Prior to disclosing a Producing Party's "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material to an attorney authorized to act as outside counsel under Paragraph 8(b), a Receiving Party shall either ensure that the proposed outside counsel has entered an

individual appearance in this action, or shall provide written notice to each Producing Party that

has produced or may produce "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

material the Receiving Party intends to disclose to the outside counsel, including:

> a.    the name of the outside attorney to which the Receiving Party intends to transmit
>
>        the information (the "Proposed Recipient"); and
>
> b.    the name of the Proposed Recipient's firm which has appeared in this action.

No Receiving Party shall provide any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

ONLY" material to the outside attorney during the objection period of Paragraph 13, or until any

objection under Paragraph 13 is resolved under Paragraph 14.

12.    Before receiving or reviewing any Protected Material, any outside expert or

consultant authorized under Paragraph 7(c) and 8(d) shall read this Protective Order and execute

Exhibit A, and the outside counsel for the Receiving Party transmitting the Protected Material to

the outside expert or consultant shall retain the executed Exhibit A in its files.

13.    Prior to disclosing a Producing Party's "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" material to any outside expert or consultant, a Receiving Party shall provide

written notice to each Producing Party that has produced or may produce "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material the Receiving Party intends to

disclose to the outside expert or consultant, including:

> a.    the name of the outside expert or consultant to which the Receiving Party intends
>
>        to transmit the information (the "Proposed Recipient");
>
> b.    the present employer and title of the Proposed Recipient;
>
> c.    an up-to-date curriculum vitae for the Proposed Recipient;

d.      a list of current and past consulting relationships undertaken by the Proposed

Recipient within the last four years, if any; and

e.      a copy of Exhibit A signed by the Proposed Recipient.

No Receiving Party shall provide any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

ONLY" material to the outside expert or consultant during the objection period of Paragraph 13,

or until any objection under Paragraph 13 is resolved under Paragraph 14.

14.      Within eight business days of receiving the information in Paragraphs 10 or 12

regarding a Proposed Recipient, or within eight business days of the entry of this order,

whichever comes later, a Producing Party may for good cause object in writing to its disclosure

to the Proposed Recipient.  The objection cannot be unreasonable.  In the absence of any

objection during this period, the Proposed Recipient shall be deemed approved to receive

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information under this Protective

Order from all Producing Parties which received notifications under Paragraphs 10 or 12 above.

15.      If an objection is made under Paragraph 13 above, the parties affected shall

promptly meet and confer to attempt in good faith to resolve the dispute informally.  If the

dispute is not resolved, the party objecting to the disclosure shall seek relief from the Court no

later than ten business days following its objection under Paragraph 13.  If relief is not sought

from the Court within this time, the objection is withdrawn and the Proposed Recipient shall be

deemed approved to receive "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

information under this Protective Order from the Producing Party which had objected under

Paragraph 13 above.  If relief is sought, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

ONLY" information shall not be disclosed to the Proposed Recipient until the objection is

resolved by the Court.

16.     Mock jurors hired by trial consultants in connection with this litigation may only receive Protected Material if:

    a.     they are not affiliated with any party to this case or their direct competitor;

    b.     they execute Exhibit A; and

    c.     they are not themselves given custody of any Protected Material, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any location in which the research is conducted.

**<u>Making and Challenging Designations</u>**

17.     A Producing Party that designates Protected Material must limit such designations to material that that the Producing Party believes in good faith meets the applicable standards in Paragraph 4 above.

18.     A Producing Party shall designate Protected Material in substantially the following manner:

    a.     The Producing Party may designate documents or written discovery responses by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" on each page that contains Protected Material.

    b.     Documents made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

    c.     Producing Parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition or by advising all parties in writing at any time within thirty days after actual receipt of the transcript by outside counsel

for the Producing Party.  For thirty days following the actual receipt of the transcript by outside counsel, the transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" unless the Producing Party has already designated the transcript during the deposition.  Video or DVD versions of the depositions will automatically have the same designation as the transcript.

d.   A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored.  To ensure the security of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information produced in electronic form, the Producing Party may produce such documents in TIFF or PDF formats.  A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

19.   Inadvertent failure to designate Protected Material does not waive a Producing Party's right to secure the protections of this Order.

a.   The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with documents containing the appropriate legends or otherwise designate the materials as set forth above.

b.   Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the

corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with documents containing the proper designation.

c.      The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice.

20.      At any time in these proceedings following the production or designation of Protected Material, a Receiving Party may challenge the propriety of its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," by providing the Producing Party written notice identifying the documents or information that the Receiving Party contends should be differently designated.  The Receiving Party challenging the propriety of the designation and the Producing Party which designated the Protected Material shall meet and confer in an attempt to resolve any such disputes promptly and informally.  If they cannot reach agreement, either party may follow the Court's rules governing discovery disputes to request that the Court affirm, cancel or modify the designation.  On any such request to the Court, the Receiving Party shall bear the burden of establishing good cause to establish that the Producing Party incorrectly classified the Protected Material.  Until the Court rules otherwise, the Producing Party's designation of the Protected Material remains in effect and is fully enforceable under this Order.

21.      Information does not qualify for protection under this Order, and none of its provisions apply to, material that:

a.      is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of a Receiving Party;

b.      was independently and legally obtained by a Receiving Party from any other

person or party having no obligation of confidentiality and the right to make such

disclosure; or

c.      was previously produced, disclosed or provided by the Producing Party to the

Receiving Party without an obligation of confidentiality, except for materials

covered under Paragraph 18 above.

**Inadvertent Production of Privileged Documents**

22.     The inadvertent production of documents or other material subject to the attorney-

client privilege, work product doctrine or any other privilege or immunity does not constitute a

waiver of any applicable privilege.

a.      Promptly upon learning of the inadvertent disclosure, the Producing Party must

notify the Receiving Party of the inadvertent production and request return of the

documents.

b.      The Receiving Party must promptly return or confirm destruction of all copies of

such materials; but doing so shall not preclude the Receiving Party from seeking

to compel production of those materials, or constitute an admission that the

materials were in fact privileged.

c.      In addition to any other obligation to preserve documents, the Producing Party

must preserve any documents recalled under this Paragraph for the duration of

this litigation.

**Filing Under Seal**

23.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

briefs, and other documents submitted to the Court that have been designated as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or

which contain information so designated, shall be filed under seal in accordance with Local Rule

CV-5(a)(7), or if electronic submission is impossible, in sealed envelopes or other appropriate

sealed containers labeled with the case caption, the words "CONFIDENTIAL,"  or "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as appropriate, and a statement in

substantially the following form, or such as other form as ordered by the Court or required by the

Clerk of the Court:

This envelope contains confidential information filed in this case by [name of party] that is

subject to a Protective Order of the Court. It should not be opened or its contents disclosed,

revealed or made public except by Order of the Court or agreement of the parties.

**Use of Protected Material at Hearing or Trial**

24.     In the event that Protected Material may be offered in evidence at trial or at any

hearing, a Producing Party may move the Court for an order that Protected Material be received

*in camera* or under such other conditions as are necessary to prevent inappropriate disclosure,

such as filing under seal or exclusion from the courtroom of all persons not authorized to review

the Protected Material under Paragraphs 7 and 8 above.  Upon such a motion, the Court will

determine what protection, if any, may be afforded to the Protected Material at the hearing

or trial.

**Prosecution Bar**

25.     Any individual who obtains, receives, has access to, or otherwise learns, in whole

or in part, any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical (as

opposed to otherwise confidential) materials of any Defendant  shall not prepare, prosecute, or

substantively supervise, prepare, assist, or participate in the prosecution of any patent application

in the subject matter field of wide-format ink-jet printers, RIP technology, or digital printing

presses, laser printers, or multifunction devices for printing, scanning, copying and/or faxing, or

prepare, prosecute, or substantively supervise, prepare, assist, or participate in any reexamination of U.S. Patent No. 6,618,157 or U.S. Patent No. 6,337,746, during the pendency of this action and for one year after its conclusion or two years after the disclosure of the materials, whichever is earlier.  The Producing Party shall mark such "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical materials as described in Paragraph 17 above, except the legend shall be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROSECUTION BAR."

26.     Any outside counsel authorized to receive "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material under this Protective Order may elect not to receive any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROSECUTION BAR" material from any Defendants by providing written notice of this election to all parties to the action and all Defendants.  Following receipt of this written notice, no Producing Party shall produce any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROSECUTION BAR" material to that outside counsel.

27.     If a Producing Party inadvertently transmits "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROSECUTION BAR" material to an outside counsel that has elected not to receive such material under Paragraph 25, Paragraph 24 will not apply as long as the outside counsel receiving this material returns it, unreviewed, immediately upon discovery and no later than five days after receipt.  This paragraph applies only to written materials; after making an election under Paragraph 25, an outside counsel must ensure his/her own compliance with Paragraph 24 during any deposition, hearing or trial in this matter.

**<u>Additional Protection</u>**

28.     This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or

are inadequate.  Nothing herein shall be deemed to preclude any Producing Party from seeking

such different or additional protection, including that certain matter not be produced at all.

## No Waiver

29.     Execution of this Protective Order shall not constitute a waiver of the right of any

party to claim in this action or otherwise that any Protected Material, or any portion thereof, is

privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any

other proceeding.

## No Limitations on Party's Own Protected Material

30.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from

disclosing or using, in any manner and for any purpose, its own Protected Material.

## Subpoena of Protected Material

31.     If any Receiving Party receives a subpoena or other legal process commanding

the production of any Protected Material, that party shall inform the party requesting the

production that some or all of the material covered by the subpoena or order is subject to this

Protective Order and promptly give written notice thereof to the Producing Party (or their

counsel of record in this case).  If the Producing Party challenges the production, it shall have the

burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the

subpoena; and the Receiving Party shall not produce any Protected Material absent an order of a

court of competent jurisdiction or the express written consent of the Producing Party.

## Unauthorized Access

32.     The Receiving Party shall promptly notify the Producing Party upon becoming

aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and

shall take all steps reasonably necessary and available to retrieve such Protected Material and

prevent any further unauthorized access or dissemination.

**Disposition of Protected Material**

33.     Unless otherwise ordered or agreed, within sixty days after the settlement or final termination of this action, each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material.  Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Material.  The Receiving Party shall submit a written certification by the sixty-day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Protective Order.

**Survival of Order**

34.     The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

**Binding Effect**

35.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**Effective as a Stipulation**

36.     This Stipulated Protective Order shall become effective as a stipulation between

the parties immediately upon the filing of the motion to enter stipulated protective order,

notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected

Material produced before Court approval as provided herein.


**So ORDERED and SIGNED this 8th day of September, 2011.**


_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A TO PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

---

| | |
|---|---|
| WHETSTONE ELECTRONICS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. 6:10-cv-00278-LED |
| ) | |
| XEROX CORPORATION ) | Jury Trial Demanded |
| CANON U.S.A., INC. ) | |
| CANON BUSINESS SOLUTIONS, INC. ) | |
| EAST TEXAS COPY SYSTEMS, INC. ) | |
| KONICA MINOLTA HOLDINGS U.S.A. ) | |
| KONICA MINOLTA BUSINESS SOLUTIONS, ) | |
|   U.S.A., INC. ) | |
| RICOH AMERICAS CORPORATION ) | |
| RICOH ELECTRONICS, INC. ) | |
| COMPLETE BUSINESS SYSTEMS, INC. ) | |
| TOSHIBA AMERICA, INC. ) | |
| TOSHIBA AMERICA BUSINESS ) | |
|   SOLUTIONS, INC. ) | |
| STAR GRAPHICS, INC. ) | |
| BROTHER INTERNATIONAL CORPORATION ) | |
| SHARP ELECTRONICS CORPORATION ) | |
| ) | |
| Defendants. ) | |

---

## <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, hereby acknowledge that I am about to receive

Protected Material as defined in the Protective Order entered by the Court on _____.

I certify my understanding that the Protected Material, as defined in the Protective Order,

is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I

have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order.

I clearly understand that the Protected Material, my copies thereof, notes relating thereto, and documents containing information found therein may only be disclosed or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all documents containing Protected Material, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to this Court's jurisdiction and venue.

Signature:_____

Printed Name:_____

Company Name/Address/Phone:_____

_____

_____

_____